UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO.:_____ |
| v. § | |
| § | |
| CESSNA 182C, § | |
| S/N: 52409, § | |
| DISPLAYING TAIL NUMBER N234QA, § | |
| Defendant § | |

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature Of The Action*

1. This is an action to forfeit property to the United States pursuant to 49 U.S.C. §§ 46306(b)(4) and (d)(1) & (2)(C)(ii).

*Defendant*

2. The Defendant is a Cessna 182C aircraft, tail number N234QA, serial number 52409 (hereinafter, the "Defendant Aircraft").

3. Law enforcement seized the Defendant Aircraft in the Southern District of Texas, specifically in McAllen, Texas, in December 2018.

4. Abraham Barajas-Alcantar filed an administrative claim to the Defendant Aircraft with U.S. Customs and Border Protection ("CBP"), so the United States seeks judicial forfeiture.

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b) and 1395.

*Statutory Basis For Forfeiture*

7. The Defendant Aircraft is subject to forfeiture under 49 U.S.C. § 46306(d), which provides for the forfeiture of "an aircraft whose use is related to a violation of [49 U.S.C. § 46306(b)], or to aid or facilitate a violation, regardless of whether a person is charged with the violation." It is a violation of Title 49, United States Code, Section 46306(b)(4) if a person "obtains a certificate authorized to be issued under [Part A of Title 49 of the United States Code] by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious or fraudulent statement or entry." "An aircraft's use is presumed to have been related to a violation of, or to aid or facilitate a violation of [section 46306(b)(4)] if—(i) the aircraft is registered to a false or fictitious person; or (ii) the application form used to obtain the aircraft certificate of registration contains a material false statement." 49 U.S.C. § 46306(d)(2)(C).

*Factual Basis*

8. In order to register an aircraft in the United States, an applicant must submit to the Federal Aviation Administration (the "FAA") an Aircraft Registration Application as well as evidence of ownership. Additionally, an applicant must certify citizenship in the application for registration. An aircraft (other than an aircraft owned by a governmental entity) must be owned by: (a) a United States citizen, (b) "an individual citizen of a foreign country lawfully admitted for permanent residence in the United States," or (c) "a corporation not a citizen of the United States when the corporation is organized and doing business under the laws of the United States or a State, and the aircraft is based and primarily used in the United States." 49 U.S.C. § 44102(a)(1); 14 C.F.R. § 47.3. If an aircraft is co-owned by individuals, each owner must be

2

identified on the documentation submitted to the FAA and each individual owner must be a United States citizen or lawful permanent resident. Each co-owner must sign the documentation submitted to the FAA to obtain registration. 14 C.F.R. § 47.13(f). The Aircraft Registration Application, (FAA Form AC 8050-1) contains the following note to applicants: "NOTE: If executed for co-ownership all applicants must sign."

9. On December 10, 2018, Homeland Security Investigations Special Agent Jesse Axley seized the Defendant Aircraft from Jarviz Rajill Raspall Romero ("Raspall") at McAllen International Airport, 2500 S Bicentennial Blvd, McAllen, TX 78503. On December 12, 2018, U.S. Magistrate Judge Peter E. Ormsby issued a warrant to seize the Defendant Aircraft as property subject to forfeiture.

10. The aircraft was falsely registered based on the following circumstances.

11. On December 10, 2018, Raspall presented himself to CBP at McAllen International Airport for clearance to fly the Defendant Aircraft from McAllen to Del Norte International Airport near Monterrey in Nuevo Leon, Republic of Mexico. CBP Air and Marine Operations ("AMO') agents identified that the registered owner, Abraham Barajas-Alcantar ("Barajas"), for the Defendant Aircraft was not a Lawful Permanent Resident or United States citizen as required by law, and detained the aircraft and pilot for further inspection. HSI Special Agents Jesse Axley and Nic Ilg responded to McAllen International Airport.

12. HSI Special Agents and AMO Air Interdiction Agents conducted a mirandized and audio-recorded interview of the pilot Raspall. Raspall stated Barajas had hired him to fly the Defendant Aircraft to Monterrey, Mexico for repairs. Raspall stated he knew Barajas to be the owner of the Defendant Aircraft because he had reviewed all of the flight documentation, and further stated Barajas had personally picked him up from his hotel on December 9, 2018, and driven him to a grass runway in Donna, Texas where the Defendant Aircraft had been stored.

3

Raspall stated he flew the Defendant Aircraft on December 9, 2018, from the runway in Donna, Texas to the McAllen International Airport in preparation for international departure on December 10, 2018.

13. Barajas is a citizen and national of Mexico who was previously issued an E-2 non-immigrant foreign investor visa in May 2013 which was revoked in June 2014. Barajas currently has no legal status within the United States, has never been issued any immigrant visa, or been admitted to the United States as a Lawful Permanent Resident.

14. On the FAA AC Form 8050-2 (aircraft bill of sale) for the Defendant Aircraft, received on August 24, 2013, Barajas is solely identified as the purchaser of the Defendant Aircraft.

15. On the FAA AC Form 8050-1 (aircraft registration application) for the Defendant Aircraft, dated August 23, 2013, Barajas' signature serves as certification that the Defendant Aircraft is owned solely by Barajas who is portraying himself on the form to be a citizen of the United States.

16. On the FAA AC Form 8050-1B (aircraft registration renewal application) for the Defendant Aircraft, dated April 11, 2016, Barajas' electronic signature serves as certification that the Defendant Aircraft is owned solely by Barajas, who is portraying himself on the form to be a citizen of the United States.

17. The Application and Bill of Sale, and subsequent renewal application, submitted to the FAA in order to obtain a certificate of registration for the Defendant Aircraft knowingly and willfully contained a false material fact regarding United States Citizenship of the owner of the Defendant Aircraft in violation of 49 U.S.C. § 46306(b)(4), and the use of the Defendant Aircraft was related to that violation.

*Notice To Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Aircraft which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Highway 83, McAllen, Texas 78501, and a copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, Bentsen Tower, 1701 W. Business Highway 83, #600, McAllen, Texas 78501.

*Requested Relief*

Wherefore, the United States of America prays that a judgment of forfeiture be entered against the Defendant Aircraft and in favor of the United States of America under 49 U.S.C. § 46306(d) in addition to such costs and other relief to which the United States of America may be entitled.

        Respectfully submitted,

        RYAN K. PATRICK
        UNITED STATES ATTORNEY

By:    */s Sean Patrick*
        SEAN PATRICK
        Assistant United States Attorney
        Ohio Bar No. 0085440
        Southern District of Texas No. 3256679
        1701 W. Highway 83, #600
        McAllen, TX 78501
        Telephone: (956) 618-8010

*Verification*

I, Jesse Axley, a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on the 23rd day of May 2019.

Jesse Axley
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations